IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., AND PRESIDIO NETWORKED SOLUTIONS LLC,<br><br>            Plaintiffs,<br><br>vs.<br><br>GREGORY SEMLER, CANDACE DAVIS, AND RIGHT! SYSTEMS, INC.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Gregory Semler ("Semler"), Candace Davis ("Davis"), and Right! Systems, Inc. ("RSI") have removed the above-captioned action from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware. As grounds for removal, Defendants state:

**NATURE OF REMOVED ACTION**

1. On June 30, 2020, Plaintiffs Presidio, Inc. ("Presidio"), Presidio Holdings Inc. ("PHI"), and Presidio Networked Solutions LLC ("PNS") filed an action against Defendants, captioned *Presidio Inc., Presidio Holdings Inc., and Presidio Networked Solutions LLC v. Gregory Semler, Candace Davis, and Right! Systems, Inc.*, C.A. No. 2020-0536-MTZ, in the Court of Chancery of the State of Delaware. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the state court action are attached as Exhibit A.

2. Plaintiffs' allegations in the Complaint generally relate to contractual agreements between Plaintiffs and Defendants.  (*See* Exhibit A).  Semler and Plaintiffs executed a Non-Competition, Non-Solicitation, and No-Hire Agreement, dated February 26, 2017 (the "Semler Agreement").  Davis and Plaintiffs executed a Confidentiality, Invention Assignment, Non-Solicitation and No-Hire Agreement dated January 12, 2015 (the "Davis Agreement").  RSI and Plaintiffs executed a Confidentiality Agreement, dated May 16, 2019 in connection with negotiations related to a potential transaction (the "RSI Agreement").  The Complaint alleges claims against Defendants for breach of contract, tortious interference with a contract, and unfair competition, and seeks injunctive relief and monetary damages.  Exhibit A.

## TIMELINESS OF REMOVAL

3. This Notice of Removal is filed fewer than 30 days after Defendants received a copy of Plaintiffs' Complaint.  In fact, Plaintiffs filed the Complaint on June 30, 2020, which was 20 days ago.  Therefore, removal is timely under 28 U.S.C. § 1446(b).

4. Defendants have not responded to the Complaint in state court.

## PROPRIETY OF VENUE

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court in which Plaintiffs filed suit is in this District.

## BASIS OF REMOVAL

6. Removal of this case is proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### I. There is Complete Diversity Between the Parties.

7. Plaintiff Presidio, Inc. is a Delaware corporation. Presidio's corporate headquarters and principal place of business are located in New York, New York. (Exhibit A) Thus, for purposes of diversity jurisdiction, Presidio is a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1).

8. Plaintiff Presidio Holdings Inc. is a Delaware corporation. PHI's corporate headquarters and principal place of business are located in New York, New York. (Exhibit A) Thus, for purposes of diversity jurisdiction, PHI is a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1).

9. Plaintiff Presidio Networked Solutions LLC is a Florida limited liability company and is a wholly owned subsidiary of PHI. As a limited liability company, diversity of citizenship for PNS is determined by the citizenship of its member, PHI. PHI's corporate headquarters and principal place of business are located in New York, New York. (Exhibit A) Thus, for purposes of diversity jurisdiction, PNS is a citizen of Delaware and New York.

10. Defendant Gregory Semler is an individual domiciled in Washington and is, therefore, a citizen of Washington. Exhibit A.

11. Defendant Candace Davis is an individual domiciled in Washington and is, therefore, a citizen of Washington. Exhibit A.

12. Defendant Right! Systems Inc. is a Washington corporation. RSI's headquarters and principal place of business are located in Lacey, Washington. (Exhibit A) Thus, for purposes of diversity jurisdiction, RSI is a citizen of Washington. 28 U.S.C. § 1332(c)(1).

13. Accordingly, complete diversity exists between the parties.

**II. The Amount in Controversy Requirement is Satisfied.**

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 88.

15. Where an action seeks injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *see also Humes v. State of Delaware Court of Common Pleas*, 2006 WL 2726626 (D. Del. Sept. 25, 2006) (quoting *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.").

16. While Plaintiffs' claims lack merit, they seek to enforce the terms of the Semler Agreement, the Davis Agreement, and the RSI Agreement. Plaintiffs allege that Defendants' breach of contract(s), tortious interference with a contract, and unfair competition, caused an undefined amount of damages, loss of good will, financial injury, and irreparable harm. Thus, the alleged value to Plaintiffs is the right to prevent Semler and Davis from working for RSI during the restrictive periods of the Semler Agreement and Davis Agreement, respectively, and preventing RSI from using Plaintiffs' allegedly confidential information, as well as any alleged damages relating to these allegations. Upon information and belief, the value of enforcing the Semler Agreement and the Davis Agreement and the restriction of RSI's use of allegedly

confidential information and the alleged damages exceeds $75,000, exclusive of interest, costs, and fees.

17. Therefore, the value of Plaintiffs' claims exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## OTHER REMOVAL ISSUES

18. By filing this Notice of Removal, the Defendants do not waive any defense that may be available to them.  Defendants expressly reserve all such defenses, including those related to service of process, personal jurisdiction, and venue.

19. If any question arises as to the propriety of removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

20. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiffs.

21. Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendants remove this action from the Court of Chancery of the State of Delaware, Case Number 2020-0536-MTZ, to this Court.

| | |
|---|---|
| Dated:  July 20, 2020 | Respectfully submitted,<br><br>KLEHR HARRISON HARVEY<br>BRANZBURG LLP<br><br>/s/   Richard M. Beck<br>Richard M. Beck (DE Bar No. 3373)<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: (302) 552-5501<br>rbeck@klehr.com<br><br>*Attorneys for Defendants Gregory Semler, Candace Davis, and Right! Systems, Inc.* |

PHIL1 9029024v.2