# Exhibit A

# IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

PRESIDIO, INC., PRESIDIO )
HOLDINGS INC., and PRESIDIO )
NETWORKED SOLUTIONS LLC, )
)
        Plaintiffs, )    C.A. No. 2020-0536- MTZ
)
   v. )
)    **PUBLIC VERSION**
GREGORY SEMLER, CANDACE )    **JULY 6, 2020**
DAVIS, and RIGHT! SYSTEMS, INC., )
)
      Defendants. )
)
)

## VERIFIED COMPLAINT

Plaintiffs Presidio, Inc., Presidio Holdings Inc. and Presidio Networked Solutions LLC (collectively "Presidio") allege for their complaint, based upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     Presidio brings this action against Defendants Gregory Semler ("Semler"), a former Presidio Vice President of Sales, Candace Davis ("Davis"), a former Presidio Senior Account Manager, and their new employer, Defendant Right! Systems Inc. ("RSI" and collectively with Semler and Davis, the "Defendants") for ████████████ and unfair competition against each of the Defendants and tortious interference against Defendant RSI.

1

2.     This case is about a coordinated campaign by RSI, Semler and Davis to unfairly steal Presidio's customers and suppliers.  Not only do Defendants' actions breach the clear terms of the contracts Semler and Davis executed, but they are using confidential Presidio information in an attempt to gain an improper advantage and as a shortcut to building its business through proper means which threatens  the significant investment Presidio has made in its business relationships.

3.     Semler is a former senior Presidio executive who was responsible for developing and implementing Presidio's business and sales strategies and overseeing the management of Presidio's customer and supplier accounts.  Davis was a senior account manager at Presidio who managed and was the principal contact for a number of Presidio's customers and strategic partners.  Davis reported to Semler during her employment at Presidio.

4.     Earlier this year, Semler and Davis both joined RSI, one of Presidio's competitors, in similar roles as the ones they held at Presidio.  Semler and Davis have engaged and are still engaged in the process of soliciting Presidio's key customers, suppliers, and strategic partners in violation of their respective employment agreements with Presidio.  Further, Semler's employment by one of Presidio's direct competitors and his successful efforts to solicit another Presidio employee to join him at RSI are further violations of his employment agreement with Presidio.   RSI is aware of the restrictions in Semler and Davis's agreements with

2

Presidio, and, based upon information reviewed thus far, has encouraged and assisted their violation of their respective agreements.

5.     Semler and Davis, with RSI's knowledge and assistance, are using Presidio's confidential and customer information and business and sales strategies to solicit the very customers that Semler and Davis managed while at Presidio on behalf of RSI.  Presidio has suffered and will continue to suffer irreparable injury as a result of Defendants' ongoing solicitation of Presidio's customers and suppliers. Accordingly, Presidio seeks damages from Defendants, as well as a preliminary injunction restraining Semler and Davis from soliciting Presidio's customers, suppliers, contracting parties and/or strategic partners, and employees, and from using or disclosing any Presidio confidential information.

## **PARTIES, JURISDICTION, AND VENUE**

6.     Plaintiff Presidio, Inc. is a Delaware corporation.  Presidio, Inc.'s corporate headquarters are located in New York, New York.

7.     Plaintiff Presidio Holdings Inc. is a Delaware corporation and a wholly owned subsidiary of Presidio, Inc.  Presidio Holdings Inc.'s corporate headquarters are located in New York, New York.

8.     Plaintiff Presidio Networked Solutions LLC is a Florida limited liability company and a wholly owned subsidiary of Presidio Holdings Inc.  Presidio

3

Networked Solutions LLC's corporate headquarters are located in New York, New York.

9.     Defendant Gregory Semler was a Vice President of Sales for Presidio from February 2014 through January 2020.  Upon information and belief, Semler has been an employed by RSI as a Vice President of Sales since January 2020. Semler's last known home address is ███████████████████████████.

10.     Defendant Candace Davis was a Senior Account Manager for Presidio from January 2015 through June 2019.  Upon information and belief, Davis has been employed by RSI as a Senior Account Manager since April 2020. Davis's last known home address is ███████████████████████████.

11.     Defendant RSI is a Washington limited liability company.  Upon information and belief RSI's corporate headquarters are located in Lacey, Washington.

12.     This Court has personal jurisdiction over Semler because Semler signed a Non-Competition, Non-Solicitation and No-Hire Agreement, dated February 26, 2017 (the "Semler Agreement") in connection with his employment with Presidio whereby both Semler and Presidio consented to the exclusive jurisdiction of Delaware courts, including the Court of Chancery of the State of Delaware, for the purpose of any suit, action or other proceeding arising out of, or in connection with,

the Semler Agreement.  The Semler Agreement also provides for the application of Delaware law.  A copy of the Semler Agreement is attached as **Exhibit A.**

13.     This Court has personal jurisdiction over Davis because Davis signed a Confidentiality, Invention Assignment, Non-Solicitation and No-Hire Agreement, dated January 12, 2015 (the "Davis Agreement") in connection with her employment with Presidio whereby both Davis and Presidio consented to the exclusive jurisdiction of Delaware courts, including the Court of Chancery of the State of Delaware, for the purpose of any suit, action or other proceeding arising out of, or in connection with, the Davis Agreement.  The Davis Agreement also provides for the application of Delaware law.  A copy of the Davis Agreement is attached as **Exhibit B.**

14. ██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

15.     This Court has subject matter jurisdiction over this matter under 10 *Del. C.* § 341 because Presidio seeks injunctive and other equitable relief.

## FACTS

### C.     Presidio's Business and Employment of Semler and Davis

16.     Presidio provides professional and managed services for advanced information technology solutions, including designing and implementing networking and cloud computing solutions, data storage services and data centers, and information and cyber security services.  Presidio serves a large variety of customers across a number of industries and sectors and operates its business across the country.

17.     Presidio contracts with a network of suppliers and strategic partners who provide the hardware, routers, switches, wireless systems, and broadcast systems for the customer solutions that Presidio provides.  Presidio and its suppliers work jointly to design and implement information technology solutions and on a broader scale to develop joint business development and sales strategies.  The relationships with the suppliers is critical to Presidio's business as there are many opportunities sourced by the suppliers.  Presidio, primarily through its account managers, works with its partner suppliers to design and implement customized networking and data solutions for its customers, and it is crucial to Presidio's

6

continuing business to cultivate and maintain these strategic relationships with its suppliers.

i.     **Semler and Davis's Employment by Presidio**

18.   From February 2014 through January 2020, Semler served as Vice President of Sales at Presidio based in Bellevue, Washington.   Semler was responsible for developing and strengthening the business relationships between Presidio and its customers and suppliers on the West Coast.   Semler also managed a team of Presidio account managers in his region, who solicit, service, and maintain Presidio's customer relationships and serve as the day-to-day contacts with Presidio's customers and suppliers.   As relevant to this action, Semler, during his time at Presidio, amassed a number of key contacts at Presidio's current and potential ███████████████████████████████████ customer accounts, as well as with the suppliers who provided services and hardware for the solutions offered to and implemented with those customers.

19.   As a senior sales executive, Semler was also directly involved in Presidio's high-level business and sales strategies to obtain and retain Presidio's customer accounts for which he was responsible for overseeing in his region.

20.   Davis was hired as a Senior Account Manager at Presidio in January 2015.   Davis was responsible for soliciting, servicing, and maintaining certain of Presidio's customer accounts, primarily ███ customer accounts, in the pacific

7

northwest and mountain state regions.  As relevant to this action, Davis was the

Senior Account Manager assigned to Presidio's accounts with 

and

and

21.     Davis was also responsible for managing the relationships with

Presidio's partner suppliers who partner with Presidio to design and implement

customized networking and data solutions for Presidio's customers.

22.     Throughout her time at Presidio, Davis reported to Semler, who was

involved in overseeing Davis's management of customer accounts.  Semler also

provided key contacts to Davis and assisted in the solicitation and management of

Presidio's ▆▆▆ customers and associated supplier relationships for the accounts

Davis managed.  Davis provided notice of her resignation on May 22, 2019, and her

last date at Presidio was June 21, 2019.

23.     During the course of their employment by Presidio, both Semler and

Davis were privy to competitive and confidential information concerning  Presidio's

customers (including the ▆▆▆ accounts they managed).  This information includes,

but is not limited to pricing, margins, and customer requirements and strategies.

Presidio uses this confidential information to tailor and execute its business and

8

marketing strategies for its customers and it is critical to effectively compete in a highly competitive market.

### ii. The Semler and Davis Agreements

24.     In order to ensure that Presidio protects its confidential and proprietary information and its customer and suppliers' confidential information, Presidio requires its employees to execute confidentiality and non-solicitation agreements upon hire, to ensure that its confidential and competitive customer information cannot be used by employees who leave Presidio to solicit Presidio's customers.

25.     Semler and Davis both acknowledged they would be privy to "detailed knowledge of competitively sensitive and important confidential information and trade secrets of [Presidio] and [its] businesses, including information regarding the [Presidio's] plans and relationships with customers, suppliers and others" in connection with their employment by Presidio. Ex. A at 1; Ex. B at 1.

26.     The Semler Agreement and the Davis Agreement both define Confidential Information as:

> [A]ny [Presidio] proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customer lists and confidential information regarding customers (including, but not limited to, customers of a Company Party on whom Employee has called or with whom Employee became acquainted during Employee's term of employment), markets, software, developments, inventions, processes, formulas, technology, designs,

9

> drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed to Employee by a Company Party either directly or indirectly in writing, orally or by drawings or observation of parts or equipment. "Confidential Information" shall also include any information which is identified as confidential according to written company policy.

Ex. A § 2(a); Ex. B § 2(a).  Semler and Davis each agreed not to use or disclose any of Presidio's Confidential Information and each agreed that they would hold in confidence and would not disclose any confidential or proprietary information they received from third parties that was subject to a duty on Presidio's part to maintain confidentiality under their respective agreements with Presidio.  Ex. A § 2(c); Ex. B § 2(c).

27.     The Semler Agreement and the Davis Agreement also prohibit Semler and Davis, respectively, from soliciting Presidio employees, customers, suppliers, or contracting parties and from attempting to induce those parties to reduce their patronage of Presidio for the applicable Restricted Period.   Under the Semler Agreement, the Restricted Period is defined as "a period commencing on the date hereof and ending 18 months after the Termination Date."  Ex. A § 1.  Under the Davis Agreement, the Restricted Period is defined as "a period commencing on the date hereof and ending 12 months after the Termination Date."  Ex. B § 1(d).  Both the Semler Agreement and Davis Agreement define the Termination Date as the date

10

on which the employee "ceases to be employed for any reason by" Presidio.  Ex. A

§ 1; Ex. B § 1(e).

28.    Specifically, Section 5(a) of the Semler Agreement provides that,

during the Restricted Period, Semler shall not:

> (i) employ, retain or engage (as an employee, consultant, or independent contractor), or induce or attempt to induce to be employed, retained or engaged, any Person who is or was within twelve (12) months preceding the Termination Date an employee, consultant or independent contractor of [Presidio];
>
> b. solicit, divert, take away, or attempt to solicit, divert or take away, any Person who is a customer or supplier of [Presidio] or who otherwise is a contracting party with [Presidio], as of the date hereof or at any time during the period commencing on the date hereof and ending on the Termination Date, to a Competing Business;
>
> c. induce or attempt to induce any Person who is a customer or supplier of [Presidio] or who otherwise is a contracting party with [Presidio], as of the date hereof or at any time during the period commencing on the date hereof and ending on the Termination Date, to reduce its patronage of such Company Party or to terminate any written or oral agreement or understanding or other relationships with such Company Party.

Ex. A § 5(a); *see also* Ex. B.§ 4.

29.    Further, the Semler Agreement prohibits Semler from engaging in a

Competing Business for a period of eighteen months following the termination of

his employment with Presidio.  Specifically, Section 2 of the Semler Agreement

states that:

11

> During the Restricted Period, Employee agrees that Employee shall not, singly, jointly, or as a partner, member, employee, agent, officer, director, stockholder or equity holder (except as a holder, for investment purposes only, of not more than three (3%) percent of the outstanding stock or other equity of any company or other entity listed on a national securities exchange, or actively traded in a national over-the-counter market), lender, consultant, independent contractor, or joint venturer of any other Person, or in any other capacity, directly or beneficially: own, manage, operate, join, control, or participate in the ownership, management, operation or control of, or permit the use of her name by, or work for, or provide consulting, financial or other assistance to, a Competing Business anywhere in the Protected Territory.

Ex. A § 4.

30.     Under Section 1 of the Semler Agreement, a Competing Business is defined as:

> Any one or more of the following: (i) any business engaged in the ownership and operation of voice, data and/or security value added resellers, system integrators, interconnects or voice and/or data managed service providers (except manufacturers of products (hardware or software)); or (ii) any other material line of business in which [Presidio] is engaged as of the Termination Date, or with respect to which any Company Party is actively pursuing (including, without limitation, as a potential acquisition target) as of the Termination Date.

*Id*. at 1.

31.     Under the Semler and Davis Agreements, Company Party is defined as, "any of the Company or any direct or indirect parent, sister company, or subsidiary of the Company; and "Company Parties" means, collectively, all of the foregoing

12

entities" and the Company is defined as Presidio Networked Solutions, Inc. Presidio.  Ex. A § 1; Ex. B § 1(b).

C.     ████████████████████████████████

32.     RSI is one of Presidio's direct competitors and frequently bids on the same customer contracts that Presidio targets and solicits, including Presidio's ████ ████████████contracts.

33.     ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████



13



D.   **Davis and Semler's Resignations from Presidio and Employment By RSI and Defendants' Solicitation of Presidio's Customers and Contracting Parties**

35.     Davis provided a letter of resignation to Presidio on May 22, 2019 and her last day at Presidio was June 21, 2019.  In her letter of resignation, Davis wrote that she had "decided to take a position with a start-up company again and get back to [her] original passion of being a manufacturer rep building something from the ground floor up. I am looking to continue working with Presidio in the future to help drive cloud business within ███ in the PacNW and Mountain States."

14

36.     Upon information and belief, Davis was hired by an information security vendor in or around June 2019 and worked there through April or May of this year.

37.     Semler, ███████████████████████████████████ ████████████████████████████████████████████████ resigned from Presidio on January 6, 2020 and was hired by RSI as Vice President of Sales later that month.

38.     On March 11, 2020, counsel for Presidio sent Semler a letter notifying him of the violation of his obligations in the Semler Agreement and Presidio's intent to enforce its rights in connection with any further violation of his obligations. Presidio also provided a copy of the letter and the Semler Agreement to RSI. Unfortunately, Presidio's attempt to resolve the matter in a professional manner failed as RSI and Semler ignored their obligations.

39.     Furthering the campaign to steal Presidio assets, RSI and Semler solicited and recruited Timothy Ellis ("Ellis"), Director Sales at Presidio. They were successful and Ellis joined Presidio in March 2020 as Chief Information Security Officer.

40.     Semler and RSI continued their efforts by soliciting Davis for an account manager position at RSI. Davis was hired by RSI as a Senior Account Manager shortly thereafter, in April or May 2020.

15

41.     Semler and Davis have since acted together and at the direction and with the encouragement of RSI, to solicit – and have directly contacted – certain of Presidio's customers, including the ███████████████, ███ ███ and ███ all of which Semler and Davis serviced and managed on behalf of Presidio in connection with their employment by Presidio.  Semler and Davis have used and are using a business model developed by using Presidio's confidential information, specifically pricing information, margin information, and customer requirements, in connection with their solicitation efforts.

42.     For example, Semler and Davis both have knowledge of Presidio's confidential pricing information associated with the solutions and services Presidio provides to its customers.  This information includes business strategies regarding decisions as to how Presidio allocates margins and pricing differences between retail and deal registration prices, and how low or high Presidio is able to price its services and solutions.  Semler and Davis are using that knowledge to propose pricing lower than what Presidio currently provides or than what Presidio would be able to provide to capture the customer accounts for RSI and take them away from Presidio.

43.     Semler and Davis also both have knowledge concerning Presidio's customers' requirements and knowledge of information concerning Presidio's customers' refresh or renewal cycles.  For example, Semler and Davis have knowledge of certain customers' requirements concerning licensing protocols used

by certain suppliers (e.g., a customer's willingness or refusal to use certain licensing programs from certain suppliers).  Upon information and belief, Semler and Davis are using this information regarding which suppliers RSI can and cannot use to craft and propose alternative solutions to Presidio's customers.

44.     Further, Semler and Davis have been and are actively engaged in the solicitation of Presidios suppliers and strategic partners to solicit their partnerships with RSI in connection with their solicitation of Presidio's customer accounts. Semler and Davis are similarly using Presidio's pricing and margin information, as well as Presidio's customer preferences and requirements, in approaching Presidio's suppliers.

45.     On June 23, 2020, Presidio's counsel sent a letter to RSI via Federal Express describing the Defendants' wrongful conduct, demanding that they cease and desist from all such activity, and requesting additional information regarding the wrongful conduct (*i.e.*, communications regarding any efforts by Semler, Davis, or RSI  to contact, communicate with or solicit, any of Presidio's employees, customers, suppliers or contracting parties and documents concerning Defendants' possession, use or disclosure of Presidio's confidential information).  That same day, Presidio's counsel also sent a letter to Davis at the address specified in the Davis Agreement, with a copy to RSI, describing her wrongful conduct and demanding that she cease and desist from the solicitation of Presidio's customers, specifically

17

referencing the ██████████████ ████ ████ and ████ and requesting additional information regarding Davis's wrongful conduct.  Both letters sought a response by June 26, 2020.

46.    To date, Presidio has not received any response from Defendants and, to the best of Presidio's knowledge, Defendants have not accounted for or taken any steps to remedy their wrongful conduct or provided the information requested by Presidio.

47.    Presidio has spent considerable time, money, and resources in developing services and solutions for its customers specific requirements and needs. If Defendants succeed in moving the ████████████ ████ ████ ████ and ████ customer accounts from Presidio to RSI by utilizing Presidio's confidential information, Presidio would lose its entire investment and customer goodwill that went into the services and solutions provided to those customers.

48.    Defendants' solicitation efforts also put into jeopardy Presidio's future contracts the ██████████████ ████ ████ ████ and ████ but for which they will now have insight into Presidio's confidential and strategic information.

49.    Defendants' solicitation of partnerships with Presidio's key suppliers and strategic partnerships threatens Presidio's relationships with those suppliers and partners and their ability to jointly solicit and service Presidio's customer accounts. For example, Semler and Davis possess competitively sensitive and confidential

18

information regarding joint pricing and margins of the software, hardware, and services that Presidio and its suppliers provide to Presidio's customers.  Semler and Davis will undoubtedly disclose – if they have not already – the specifics of that pricing information in an attempt to "beat" that pricing and move the customer accounts  for RSI.

50.     RSI has been provided with copies of the Semler and Davis Agreements and is therefore aware of the obligations contained in each agreement.  Nonetheless, RSI has been and is actively participating and encouraging Semler and Davis' misconduct.

51.     Further, ███████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████ RSI then proceeded to recruit three of Presidio's employees, all who had detailed and specific knowledge of Presidio's confidential information and sales strategies and who had worked together during their employment by Presidio.

52.     RSI is now soliciting *those same* customer accounts using the team of former Presidio employees and their collective, specific, and detailed knowledge of Presidio's confidential information for its own benefit.

53.     ███████████████████████████████████████████████
and  RSI's  conduct  in  recruiting  and  using  three  Presidio  employees  and  their

19

knowledge of confidential information to solicit Presidio's customers constitutes an unfair and unlawful competitive advantage over Presidio and to Presidio's detriment.

54.    As a result of Defendants' actions, Presidio has and will continue to suffer irreparable injury for which there is no adequate remedy at law.

## COUNT I

### BREACH OF CONTRACT:
### Against Semler

55.    Presidio hereby incorporates by reference each allegation set forth above, the same as if fully set forth herein.

56.    As a condition of his employment, Semler signed the Semler Agreement.

57.    Presidio has fully complied with all of its obligations under the Semler Agreement.

58.    The Semler Agreement is valid and enforceable and prohibits Semler from: (i) soliciting Presidio's customers, vendors, suppliers, contracting parties, and employees for a period of eighteen (18) months following the cessation of his employment with Presidio; (ii) working for a competing business for a period of eighteen (18) months following the cessation of his employment with Presidio; and (iii) taking, using, or disclosing confidential proprietary business information belonging to Presidio.

20

59.     Semler has engaged in and is engaged in soliciting Presidio's customers, suppliers, contracting parties and/or strategic partners.

60.     Semler has also solicited Presidio's employees, specifically, Davis and Ellis.

61.     Semler is also employed by RSI, a direct competitor of Presidio, since his resignation from Presidio.

62.     By his aforementioned actions, Semler breached the Semler Agreement.

63.     As a direct and proximate result of Semler's breaches of the Semler Agreement, Presidio has suffered damages in an amount to be determined at trial. In addition, Presidio has suffered and will continue to suffer loss of goodwill and irreparable harm unless Semler's unlawful conduct is enjoined.

## COUNT II

### BREACH OF CONTRACT:
### Against Davis

64.     Presidio hereby incorporates by reference each allegation set forth above, the same as if fully set forth herein.

65.     As a condition of her employment, Davis signed the Davis Agreement.

66.     Presidio has fully complied with all of its obligations under the Davis Agreement.

21

67.   The Davis Agreement is valid and enforceable and prohibits Davis from: (i) soliciting Presidio's customers, vendors, suppliers, contracting parties, and employees for a period of twelve (12) months following the cessation of her and (ii) taking, using, or disclosing confidential proprietary business information belonging to Presidio.

68.   Davis has engaged in and is engaged in soliciting Presidio's customers, suppliers, contracting parties and/or strategic partners.

69.   By her aforementioned actions, Davis breached the Davis Agreement.

70.   As a direct and proximate result of Davis's breaches of the Davis Agreement, Presidio has suffered damages in an amount to be determined at trial. In addition, Presidio has suffered and will continue to suffer loss of goodwill and irreparable harm unless Semler's unlawful conduct is enjoined.



72.

73. 

74.

75.

## COUNT IV

**TORTIOUS INTERFERENCE:**
**Against RSI**

76.     Presidio hereby incorporates by reference each and every allegation set forth above, the same as if fully set forth herein.

77.     Presidio has a reasonable expectancy of entering into and continuing its relationships with its employees and contracting counterparties.

78.     RSI is tortiously and maliciously interfering with those expectations by wrongfully soliciting employees to RSI.

23

79.    RSI's tortious and malicious interference with Presidio's contractual and business relationships includes, but is not limited to, Defendants' interference with Presidio's business and employment relationships with Semler and Davis.

80.    Further, RSI has engaged in or is in the process of engaging in further tortious and malicious interference with Presidio's contractual and business relationships by engaging in solicitation of Presidio's customers, suppliers, contracting parties and strategic partners.

81.    The conduct engaged in by RSI will impair and harm Presidio's expectation of economic gain.

82.    RSI intentionally interfered with said contractual relationships and prospective business advantage an improper purpose and by utilizing improper methods.

83.    RSI's interference was not justified or privileged.

84.    As a direct and proximate result of RSI's tortious interference with contracts, Presidio has suffered and will continue to suffer loss of goodwill, damages, financial injury and irreparable harm.

## <u>COUNT V</u>

**UNFAIR COMPETITION:**
**Against All Defendants**

85.     Presidio hereby incorporates by reference each and every allegation set forth above, the same as if fully set forth herein.

86.     RSI's solicitation of three of Presidio's employees, Semler, Davis, and Ellis, and Defendants' use of Semler, Davis, and Ellis' high-level and intimate knowledge of Presidio's business, customers, contracting parties and strategic partners constitutes unfair competition under Delaware and New York common law.

87.     Defendants' misappropriation of trade secrets by taking, using, and/or disclosing Presidio's confidential and proprietary information, further constitutes unfair competition under Delaware and New York common law.

88.     Defendants' solicitation of other Presidio employees, customers, suppliers, contracting parties and/or strategic partners, or using or accessing Presidio's confidential information, including but not limited to using Semler, Davis, and Ellis' high-level and intimate knowledge regarding Presidio's customers, suppliers, contracting parties and/or strategic partners, also constitutes unfair competition under Delaware and New York common law.

89.     Defendants have engaged in this conduct to gain a competitive advantage over Presidio.

90.     As a direct and proximate result of Defendants' unfair competition, Presidio has suffered damages in an amount to be determined at trial.  In addition, Presidio has suffered irreparable harm and will continue to suffer irreparable harm unless Defendants' unlawful conduct is enjoined.

**WHEREFORE**, Presidio respectfully requests that the Court enter an Order as follows:

A.     Enjoining Semler and Davis from soliciting Presidio's customers, suppliers, contracting parties strategic partners, and/or employees, and from using or disclosing Presidio's confidential information;

B.     █████████████████████████

C.     Awarding Presidio compensatory damages, attorneys' fees, costs, and expenses incurred in the prosecution of this action; and

D.     Awarding Presidio such other and further relief as this Court deems just and equitable under the circumstances.

SMITH, KATZENSTEIN & JENKINS LLP

_/s/ Kelly A. Green_
Laurence V. Cronin (No. 2385)
Kelly A. Green (No. 4095)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 (courier 19801)
(302) 652-8400
LVC@skjlaw.com
KAG@skjlaw.com

_Attorneys for Presidio, Inc. Presidio
Holdings Inc. and Presidio Networked
Solutions LLC_

OF COUNSEL:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Robert S. Friedman
Danielle Vrabie
Kelly J. McCullough
30 Rockefeller Plaza
New York, New York 10112
(212) 635-8700
rfriedman@sheppardmullin.com
dvrabie@sheppardmullin.com
kmccullough@sheppardmullin.com

Date:  June 30, 2020

**IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, | ) ) ) | |
| | ) | C.A. No. 2020-0536-MTZ |
| Plaintiffs, | ) | |
| v. | ) ) | |
| GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2020, a copy of the **(PUBLIC VERSION) Verified Complaint and (PUBLIC VERSION) Opening Brief in Support of Their Motion for Preliminary Injunction and Motion for Expedited Proceedings** were served on the following in the manner indicated:

### <u>By Electronic Mail</u>

Steve Kelley
Aspirus Law Group, PLLC
4545 NE 41st Street
Seattle, WA 98105
Email: steve@aspiruslaw.com

July 7, 2020                           SMITH, KATZENSTEIN & JENKINS LLP

                                       */s/ Kelly A. Green*
                                       Laurence V. Cronin (No. 2385)
                                       Kelly A. Green (No. 4095)
                                       1000 West Street, Suite 1501
                                       P.O. Box 410
                                       Wilmington, DE 19899 (courier 19801)
                                       (302) 652-8400
                                       LVC@skjlaw.com
                                       KAG@skjlaw.com

                                       *Attorneys for Presidio, Inc., Presidio
                                       Holdings Inc. and Presidio Networked
                                       Solutions LLC*

## IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 2020-0536-MTZ |
| v. | ) ) | |
| GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, INC., | ) ) ) | **PUBLIC VERSION** **JULY 6, 2020** |
| Defendants. | ) ) ) ) | |

## PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTIONS FOR PRELIMINARY INJUNCTION <u>AND EXPEDITED PROCEEDINGS</u>

OF COUNSEL:
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Robert S. Friedman
Danielle Vrabie
Kelly J. McCullough
30 Rockefeller Plaza
New York, New York 10112
(212) 635-8700

SMITH, KATZENSTEIN & JENKINS LLP
Laurence V. Cronin (No. 2385)
Kelly A. Green (No. 4095)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 (courier 19801)
(302) 652-8400
LVC@skjlaw.com
KAG@skjlaw.com

*Attorneys for Presidio, Inc., Presidio Holdings Inc. and Presidio Networked Solutions LLC*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................... ii

PRELIMINARY STATEMENT ...............................................................1

FACTUAL BACKGROUND ....................................................................3

I.  The Parties ....................................................................................3

II.  Davis and Semler's Contractual Obligations to Presidio ...............................6

III.  ████████████████████ and RSI's Hiring of Presidio's
Employees....................................................................................7

ARGUMENT ....................................................................................10

I.  PRESIDIO IS ENTITLED TO A PRELIMINARY INJUNCTION TO
PREVENT SEMLER AND DAVIS FROM CONTINUING TO
VIOLATE THE AGREEMENTS ...................................................10

    A.  Presidio Is Likely to Succeed on Its Claims on the Merits ...............10

        i.  Presidio Is Likely to Succeed on Its Claim that Semler and
Davis Breached the Agreements ...............................................11

        ii.  Presidio Is Likely to Succeed On Its Claim for Unfair
Competition..........................................................................15

        iii.  Presidio Is Likely to Succeed On Its Other Claims Against
RSI.....................................................................................16

    B.  Presidio Will Suffer Irreparable Harm If a Preliminary Injunction Is
Not Entered...............................................................................19

    C.  The Balance of the Equities Favors Presidio ....................................20

II.  THIS COURT SHOULD ORDER EXPEDITED PROCEEDINGS ...........21

CONCLUSION .................................................................................23

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agilent Techs, Inc. v. Kirkland*,
    2009 WL 119865 (Del. Ch. Jan. 20, 2009) ........................................... 15, 16

*Air Prod. & Chems., Inc. v. Wiesemann*,
    237 F.Supp.3d 192 (D. Del. 2017) ..............................................................17

*All Pro Maids, Inc. v. Layton*,
    2004 WL 1878784 (Del. Ch. Aug. 9, 2004) ................................................11

*AM Gen. Holdings LLC v. Renco Grp., Inc.*,
    2012 WL 6681994 (Del. Ch. Dec. 21, 2012) ...............................................19

*COPI of Del., Inc. v. Kelly*,
    1996 WL 633302 (Del. Ch. Oct. 25, 1996) ..................................................12

*Del. Exp. Shuttle, Inc. v. Older*,
    2002 WL 31458243 (Del. Ch. Oct. 23, 2002) ..............................................11

*Faw, Casson & Co. v. Cranston*,
    Del. Ch., 375 A.2d 463 (1977) ....................................................................11

*Giammargo v. Snapple Beverage Corp.*,
    1994 WL 672698 (Del. Ch. Nov. 15, 1994) ................................................22

*Gomi Inv'rs, LLC v. Schimmell Holdings, Inc.*,
    2006 WL 2304035 (Del. Ch. July 27, 2006) ...............................................21

*Hough Assoc., Inc. v. Hill*,
    2007 WL 148751 (Del. Ch. Jan. 17, 2007) .................................................11

*Kan-Di-Ki, LLC v. Seur*,
    2015 WL 4503210 (Del. Ch. July 22, 2015) ......................................... 13, 14

*L&W Ins., Inc. v. Harrington*,
    2007 WL 2753006 (Del. Ch. Mar. 12, 2007) ..............................................13

ii

*Newell Rubbermaid Inc. v. Storm*,
    2014 WL 1266827 (Del. Ch. March 27, 2014) ............................................19

*Pell v. Kill*,
    Del. Ch., 135 A.3d 764 (2016) ........................................................................10

*Presidio Inc., et al. v. Joseph Leonard and GuidePoint Security LLC*,
    No. 2019-0298-JRS (Del. Ch. May 1, 2019) (TRANSCRIPT) ............ 10, 21

*Raymond Revocable Tr. v. MAT Five LLC*,
    2008 WL 2673341 (Del. Ch. June 26, 2008) .................................................22

*Research & Trading Corp. v. Pfuhl*,
    1992 WL 345465 (Del. Ch. Nov. 18, 1992)...................................................14

*Theravectys SA v. Immune Design Corp.*,
    2015 WL 1308273 (Del. Ch. Mar. 9, 2015) ..................................................10

*Travelers Casualty and Surety Co. v E.I. Du Pont De Nemours and Co.*,
    2006 WL 4804689 (Del.Ch. Jan. 30, 2006) ..................................................21

*Tristate Courier & Carriage, Inc. v. Berryman*,
    2004 WL 835886 (Del. Ch. Apr. 15, 2004)........................................... 20, 21

*WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P.*,
    Del. Supr., 49 A.3d 1168 (2012) ....................................................................18

*ZRii, LLC v. Wellness Acquisition Group, Inc.*,
    2009 WL 2998169 (Del. Ch. Sept. 21, 2009).................................................10

iii

Plaintiffs Presidio, Inc., Presidio Holdings Inc. and Presidio Networked Solutions LLC (collectively "Presidio") seek expedited proceedings and a preliminary injunction to enjoin Defendants Gregory Semler ("Semler"), a former Presidio Vice President of Sales, Candace Davis ("Davis"), a former Presidio Senior Account Manager, and their new employer and Presidio's direct competitor, Right! Systems Inc. ("RSI", and collectively with Semler and Davis, the "Defendants") from soliciting Presidio's customers, suppliers, vendors, contracting parties, and employees and from using Presidio's confidential information.

## PRELIMINARY STATEMENT

Defendants have recently started a coordinated effort to improperly steal Presidio's business with the ███████████████. Defendants are conducting this campaign, not through legitimate competition, but in breach of unambiguous contractual obligations and use of confidential Presidio information. Instead of building RSI's business through proper means, Defendants have decided to take a shortcut which threatens the significant investments that Presidio made in its customer and supplier relationships.

RSI has hired three former Presidio employees, including Semler and Davis, within the past six months with the intent to take over contracts with and business from certain of Presidio's customers and suppliers that Semler and Davis were responsible for managing while at Presidio. Semler, whose employment by RSI,

1

alone, is a breach of the non-competition obligations in his employment agreement with Presidio, also aided in RSI's successful solicitation of Davis and Tim Ellis ("Ellis"), former Director of Sales at Presidio, in further violation of his contractual obligations.

Presidio has also now learned that Semler and Davis are actively soliciting certain of Presidio's ████████████████████████████████████ ████████████████████ whose accounts these individuals managed while at Presidio in violation of their non-solicitation obligations.  All of these actions were done with RSI's participation, knowledge and encouragement.

Presidio has notified Defendants of the violations and Presidio's intent to enforce its rights under its agreements with Semler and Davis.  Presidio's efforts have been roundly ignored, requiring prompt court intervention.  Presidio faces a threat of imminent harm and threats to its business and relationships with longtime customers, suppliers, and vendors as a result of Defendants' active and ongoing solicitation.   Defendants' failure and refusal to rectify or justify their past misconduct requires a preliminary injunction in order to avoid imminent and irreparable harm pending the final resolution of this matter.

## FACTUAL BACKGROUND

The facts that support Presidio's Motions for Preliminary Injunction and Expedited Proceedings (the "Motions") are set forth in greater detail in the Declaration of Laura Baga, dated June 30, 2020 (the "Baga Dec.") and the Verified Complaint (the "Compl."), dated June 30, 2020. The facts most pertinent to Presidio's Motions are summarized below.

## I.    The Parties

Presidio provides professional and managed services for advanced information technology solutions, serving a large variety of customers across a number of industries and sectors throughout the country. (Baga Dec. ¶ 2.) In connection with providing these solutions and services, Presidio contracts with a network of suppliers who serve as strategic partners providing hardware and software (*e.g.*, routers, switches, wireless systems) and collaborating with Presidio to design and implement the customized networking and data solutions that Presidio provides to its customers. (*Id.* ¶ 9.)

In February 2014, Presidio hired Semler as a Vice President of Sales. (Compl. ¶ 18.) During his time at Presidio, Semler was based in Bellevue, Washington, but oversaw and managed operations of sales teams for a number of Presidio's customer and supplier accounts located throughout the West Coast. (Baga Dec. ¶ 4.) As a senior sales executive, Semler was also directly involved in (and thus has knowledge

3

of) Presidio's high-level business and sales strategies to obtain and retain Presidio's customer accounts in his region.  (*Id.* ¶ 5.)  Semler was also responsible for developing and strengthening the business relationships between Presidio and its customers and suppliers and developing high-level sales strategies to solicit and service those accounts.  (*Id.*; Compl. ¶¶ 18-19.)  As relevant to this action, Semler, during his time at Presidio, amassed a number of key contacts at Presidio's current and potential ███ customer accounts, as well as with the suppliers who provided services and hardware for the solutions offered to and implemented with those customers.  (Baga Dec. ¶ 7; Compl. ¶ 18.)

In January 2015, Presidio hired Davis as a Senior Account Manager.  (Compl. ¶ 20.)  Davis was responsible for soliciting, servicing, and maintaining certain of Presidio's customer accounts, primarily ███ customer accounts, in the Pacific Northwest and Mountain state regions.  (*Id.* ¶.)  As relevant to this action, Davis was the Senior Account Manager assigned to Presidio's accounts with ███ ███ ███ ██ ███ ███ ███ ██ ███ ███ and ███ and ███ ███.  (Baga Dec. ¶ 17.)  Davis was also responsible for managing the relationships with Presidio's partner suppliers who partnered with Presidio in providing solutions and services to those customer accounts.  (*Id.* ¶ 6; Compl. ¶ 21.)

4

Davis reported to Semler throughout the duration of her employment at Presidio. (Compl. ¶ 22.) Semler provided key ███ customer contacts to Davis, facilitated meetings and introductions with his contacts, and assisted in the solicitation and management of Presidio's ███ customers and associated supplier relationships for the accounts Davis managed. (*Id.*)

During the course of their employment by Presidio, both Semler and Davis were privy to competitive and confidential information concerning Presidio's customers (including the ███ accounts they managed). (*Id.* ¶ 23; Baga Dec. ¶¶ 20, 22.) This information includes, but is not limited to pricing, margins, and customer requirements and strategies. (Compl. ¶ 23; Baga Dec. ¶¶ 20, 22.) Presidio uses this confidential information to tailor and execute its business and marketing strategies to secure its customers and it is critical to Presidio's ability to effectively compete in a highly competitive market. (Baga Dec. ¶ 8.) This information is highly confidential. Therefore, in order to ensure that its confidential and competitive customer information cannot be used by employees who leave Presidio in the solicitation of customers away from Presidio, Presidio requires its employees who will have access to or who will be provided with that information to execute confidentiality and non-solicitation agreements upon hire. (Compl. ¶ 24.) Semler and Davis both executed these agreements with Presidio in which they acknowledged that they would be privy to "detailed knowledge of competitively

sensitive and important confidential information and trade secrets of [Presidio] and [its] businesses, including information regarding the [Presidio's] plans and relationships with customers, suppliers and others" in connection with their employment by Presidio and agreed not to use or disclose any of Presidio's confidential information. (*See id*. ¶ 25; Compl. Exhibit A, (Non-Competition, Non-Solicitation and No-Hire Agreement, dated February 26, 2017 (the "Semler Agreement")), Exhibit B (Confidentiality, Invention Assignment, Non-Solicitation and No-Hire Agreement, dated January 12, 2015 (the "Davis Agreement")) § 2.)[1]

## II. Davis and Semler's Contractual Obligations to Presidio

The Semler Agreement and the Davis Agreement also prohibit Semler and Davis, respectively, from soliciting Presidio employees, customers, suppliers, or contracting parties and from attempting to induce those parties to reduce their patronage of Presidio for the applicable Restricted Period. (Compl. Ex. A § 5, Ex. B § 5.) Under the Semler Agreement, the Restricted Period is defined as "a period commencing on the date hereof and ending 18 months after the Termination Date." (Compl. Ex. A § 1.) Under the Davis Agreement, the Restricted Period is defined as "a period commencing on the date hereof and ending 12 months after the Termination Date." (Compl. Ex. B § 1(d).) Both the Semler and Davis Agreements

---

[1] The Semler Agreement and the Davis Agreement are collectively referred to "the Agreements."

6

define the Termination Date as the date on which the employee "ceases to be employed for any reason by" Presidio.  (Compl. Ex. A § 1; Ex. B § 1(e).)  Further, the Semler Agreement also prohibits Semler from engaging in a Competing Business for a period of eighteen months following the termination of his employment with Presidio.  (Compl. Ex. A § 4.)

**III.** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇**and RSI's Hiring of Presidio's Employees**

RSI is one of Presidio's direct competitors and frequently bids on the same customer contracts that Presidio targets and solicits, including Presidio's ▇▇▇▇ ▇▇▇▇▇▇▇▇ customer contracts. (Baga Dec. ¶ 12; Compl. ¶ 32.)



▇▇▇▇▇▇▇ RSI began recruiting Semler to help them grow their

7

business, utilizing his key contacts at Presidio's ████████████████████

████████ and the suppliers who worked with Presidio on those accounts, with the

goal of taking business from Presidio.  (*Id*.)

On January 6, 2020, Semler resigned from Presidio and was hired by RSI as

Vice President of Sales – the same title he held at Presidio – later that month.  (*Id*. ¶

37.)  Semler and RSI then solicited and recruited Timothy Ellis ("Ellis"), Director

Sales at Presidio.  (*Id*. ¶ 39.)  They were successful and Ellis joined Presidio in March

2020 as Chief Information Security Officer.  (*Id*.)

On March 11, 2020, counsel for Presidio sent Semler a letter, with a copy to

RSI, notifying him of the violation of his obligations under the Semler Agreement

and Presidio's intent to enforce its rights in connection with any further violation of

his obligations to Presidio.  (*Id*. ¶ 38.)  RSI and Semler ignored their obligations and

took no steps to rectify their actions, and, in fact, continued their efforts by soliciting

Davis, who had departed Presidio in June 2019, for an account manager position at

RSI.  (*Id*. ¶ 40.)  Davis was hired by RSI as a Senior Account Manager shortly

thereafter, in or around April or May 2020.  (*Id*.)

Semler and Davis have since acted together and at the direction and with the

encouragement of RSI, to solicit – and have directly contacted – certain of Presidio's

customers, including the ████████████████████████████ all of

which Semler and Davis serviced and managed on behalf of Presidio in connection

8

with their employment by Presidio. (*Id*. ¶¶ 41-44; Baga Dec. ¶¶ 16-24.) Semler and Davis are employing a business model developed by using Presidio's confidential information, specifically pricing information, margin information, and customer requirements, in connection with their solicitation efforts, allowing them to propose pricing lower than what Presidio currently provides or than what Presidio would be able to provide to capture the customer accounts for RSI and take them away from Presidio. (Baga Dec. ¶¶ 20-21; Compl. ¶ 42.) Semler and Davis are also using their knowledge concerning Presidio's customers' requirements information and information concerning Presidio's customers' refresh or renewal cycles to craft and propose alternative solutions to Presidio's customers and to approach Presidio's suppliers, in further breach of their non-solicitation obligations. (Baga Dec. ¶ 22; Compl. ¶ 43.)

On June 23, 2020, Presidio's counsel sent a letter to Davis at the address specified in the Davis Agreement, with a copy to RSI, and a separate letter to RSI to inform them of the ongoing and unremedied violations and to demand that they cease and desist from this cited misconduct. (Compl. ¶ 45.) Presidio provided copies of the Agreements in its correspondence to RSI. (*Id*.) None of RSI, Semler, or Davis have responded. (*Id*. ¶ 46.)

9

## **ARGUMENT**

**I.   PRESIDIO IS ENTITLED TO A PRELIMINARY INJUNCTION TO PREVENT SEMLER AND DAVIS FROM CONTINUING TO VIOLATE THE AGREEMENTS**

Under Delaware law, a movant for a preliminary injunctive relief must demonstrate: (1) a reasonable probability of success on the merits at a final hearing; (2) an imminent threat of irreparable injury; and (3) a balancing of the equities that tips in the movants favor.  *ZRii, LLC v. Wellness Acquisition Grp., Inc.*, 2009 WL 2998169, at *8 (Del. Ch. Sept. 21, 2009); *see also Presidio Inc., et al. v. Joseph Leonard and GuidePoint Security LLC,* No. 2019-0298-JRS, at 30-36 (Del. Ch. May 1, 2019) (TRANSCRIPT) (Trans. ID 63295654).  For the reasons stated below, Presidio has established each and every element necessary for the issuance of a preliminary injunction against Defendants.

### **A.   Presidio Is Likely to Succeed on Its Claims on the Merits**

A "reasonable probability of success" on the merits of an underlying claim "is not necessarily a strong probability." *Theravectys SA v. Immune Design Corp.*, 2015 WL 1308273, at *4 (Del. Ch. Mar. 9, 2015).  "This standard 'falls well short of that which would be required to secure final relief following trial, since it explicitly requires only that the record establish a reasonable probability that this greater showing will ultimately be made.'" *Pell v. Kill*, Del. Ch., 135 A.3d 764, 783 (2016) (citations and quotation marks omitted).

10

As demonstrated by the accompanying Declarations and the Verified Complaint, Presidio has demonstrated that it has a high likelihood of success on its claims against Defendants.

### i. Presidio Is Likely to Succeed on Its Claim that Semler and Davis Breached the Agreements

To be enforceable under Delaware law, an employment-related restrictive covenant must: (1) meet general contract law requirements; (2) be reasonable in scope and duration; (3) advance a legitimate economic interest of the enforcing party; and (4) survive a balance of the equities test. *Del. Exp. Shuttle, Inc. v. Older*, 2002 WL 31458243, at *11 (Del. Ch. Oct. 23, 2002).   The Semler and Davis Agreements are valid and enforceable contracts under ordinary contract principles because they manifest mutual assent by the parties, as evidenced by the signatures on those agreements, and are supported by adequate consideration in the form of employment by Presidio.  *See Hough Assoc., Inc. v. Hill*, 2007 WL 148751, at *14 (Del. Ch. Jan. 17, 2007); *Faw, Casson & Co. v. Cranston*, Del. Ch., 375 A.2d 463, 466 (1977) (finding that the defendant's signature provided written confirmation of his agreement not to compete with the plaintiff for the period specified); *All Pro Maids, Inc. v. Layton*, 2004 WL 1878784, at *3 (Del. Ch. Aug. 9, 2004) ("In Delaware, employment or continued employment may serve as consideration for an at-will employee's agreement to a restrictive covenant.").

The Semler and Davis Agreements are also appropriately limited in scope and

11

duration.  The Semler Agreement prohibits Semler from soliciting Presidio's customers, suppliers, and employees, and from working for a competing business for a period of eighteen (18) months after the termination of Semler's employment with Presidio.  (*See* Compl. Ex. A §§ 1; 5.)  The Davis Agreement prohibits Davis from soliciting Presidio's customers, suppliers, and employees for a period of one year and is further limited to those Presidio customers and suppliers "with whom [Davis] had contact or about whom [she] obtained confidential information or trade secrets[.]"  (*See* Compl. Ex. B §§ 1(d); 4.)  *See, e.g., COPI of Del., Inc. v. Kelly*, 1996 WL 633302, at *5 (Del. Ch. Oct. 25, 1996) ("The two year restriction prohibiting [defendant] from soliciting [plaintiff's] customers is also reasonable.").

The Semler and Davis Agreements do not prohibit Semler or Davis from soliciting Presidio's customers or suppliers indefinitely.  However, Semler and Davis should be enjoined from their solicitation efforts for the restricted time periods contained in their respective agreements with Presidio extending from the date of the injunction in the event they do not cease their improper solicitation efforts.  *See mindSHIFT Techs., Inc. v. Altobello*, No. 9537-VCL (Del. Ch. June 23, 2014) (ORDER) (Trans. ID 55627645).  Extension of the restricted time periods contained in these agreements ensures that Presidio will receive the contractual protections afforded to it.  *See id*. at 12 (in response to defendant's argument "that the injunction effectively will impose non-compete and non-solicitation periods lasting longer than

the periods set forth in their agreements[,]" the Court stated, "the longer periods result from [defendants'] decisions to breach the confidentiality restrictions in their agreements, not from a judicial rewriting of the agreements.")

Furthermore, the Semler and Davis Agreements protect Presidio's legitimate interests in protecting its goodwill and confidential information from misuse.  *See Kan-Di-Ki, LLC v. Seur*, 2015 WL 4503210 (Del. Ch. July 22, 2015); *see also L&W Ins., Inc. v. Harrington*, 2007 WL 2753006, at *11 (Del. Ch. Mar. 12, 2007) ("protection of substantial business relationships and goodwill are legitimate business interests whose impairment may give rise to irreparable harm").  Presidio bargained for the preservation of its goodwill and longstanding relationships that it has generated with its customers and suppliers over years of dedicating time and resources to service those accounts.  *See Kan-Di-Ki, LLC*, 2015 WL 4503210, at *20 (former employer "safeguarded its investment in" the former employee "by ensuring that he could not sell himself directly to a competitor serving" the employer's clients and "cut out" the employer).

Semler and Davis are now pursuing the very same accounts they solicited and managed at Presidio on behalf of RSI, capitalizing on the contacts and account relationships that they developed while at Presidio, and using their knowledge of Presidio's pricing and sales margins, as well as customer needs and preferences, to solicit those accounts.  (Baga Dec. ¶¶ 16-24; Compl. ¶¶ 34, 37.)  Defendants will

13

continue to interfere with these relationships to Presidio's detriment if they are not restrained. *See, e.g., Research & Trading Corp. v. Pfuhl*, 1992 WL 345465, at *12 (Del. Ch. Nov. 18, 1992) ("Interests which the law has recognized as legitimate include protection of employer good will and protection of employer confidential information from misuse."). Thus, the Semler and Davis Agreements are enforceable under both general principles, and the additional restrictions imposed in the case of restrictive covenants limiting employment.

Semler and Davis's coordinated efforts to solicit Presidio's customers and suppliers directly violates the non-solicitation provisions contained in their agreements. *See Kan-Di-Ki, LLC*, 2015 WL 4503210, at *12-13 (former employee's assistance in acquiring business on behalf of new employer from vendors that previously had been serviced by former employer). Moreover, Semler's solicitation of Presidio's former employees, specifically, Ellis and Davis, on behalf of RSI are additional breaches of Section 4 of the Semler Agreement. Finally, Semler's employment by RSI, one of Presidio's direct competitors, is itself a violation of the Semler Agreement.

Further, Semler and Davis's use and disclosure of Presidio's confidential and proprietary information in Defendants' solicitation of those customers is also a separate breach of Sections 2(a) and 2(c) of the Semler and Davis Agreements, which prohibit Semler and Davis from using or disclosing Presidio's confidential or

14

proprietary information, including confidential information regarding Presidio's customers, and from disclosing confidential information of third parties that Presidio has received and is subject to a duty of confidentiality.  (*See* Compl. Ex. A, B § 2.)

If Semler and Davis are not enjoined from engaging in these activities, they will continue to breach their agreements, as demonstrated by their prior conduct. Presidio notified Semler that he was in violation of the Semler Agreement in connection with his efforts to solicit Ellis on behalf of RSI and not only did he not cease those solicitation efforts, he went on to solicit Davis, the Presidio account manager who worked on the specific ▓▓▓▓ accounts that he and RSI have sought and are seeking to solicit.  (Baga Dec. ¶ 17, Compl. ¶¶ 37-46, 51-52.)

Based on these facts, Presidio is likely to prevail on its Count I against Semler and Count II against Davis for breach of their agreements with Presidio.

### ii.    Presidio Is Likely to Succeed On Its Claim for Unfair Competition

To prevail on a claim of unfair competition, a plaintiff must show that: (1) it has a reasonable expectancy of entering a valid business relationship, (2) with which the defendant wrongfully interferes, and (3) thereby defeats the plaintiff's legitimate expectancy and causes it harm.  *Agilent Techs, Inc. v. Kirkland*, 2009 WL 119865, at *5 (Del. Ch. Jan. 20, 2009).

Presidio has a reasonable expectation of continuing its business relationships with the customers, suppliers and other strategic partners that it has invested in.  RSI

15

hired Semler with the intent that he help them grow their business by capitalizing on the relationships he formed with Presidio's customers while soliciting and servicing those customers for Presidio. (Compl. ¶¶ 34, 37.) RSI and Semler then recruited the very account manager who serviced the ███████████████████ accounts at Presidio that Defendants are now soliciting. (Baga Dec. ¶ 17, Compl. ¶¶ 40-44, 51-52) Defendants are now using Presidio's confidential customer information to propose solutions to those customers at lower costs with the intent of replacing Presidio, which would eliminate Presidio's revenue and income stream from those customers. (Baga Dec. ¶¶ 19-21; Compl. ¶¶ 41-44, 47-52.) Such conduct constitutes unfair competition under Delaware law. *Agilent Techs., Inc.*, 2009 WL 119865, at *9 (conduct that "prevent[ed] plaintiff from legitimately earning revenue" supported claim for unfair competition).

Based on these facts, Presidio has demonstrated the likelihood of success on the merits of Count V of the Complaint.

### iii. Presidio Is Likely to Succeed On Its Other Claims Against RSI

Presidio has also brought claims for ██████████████ (Count III) and tortious interference (Count IV) against RSI. Though a movant need not establish a likelihood of success on each and every claim it asserts, Presidio is likely to succeed on the merits of these remaining claims as well.

16

A claim of tortious interference with contract requires the following five elements: (1) the existence of a contract, (2) the alleged wrongdoer's knowledge of the contract, (3) intentional procurement of its breach, (4) without justification, and (5) damages. *WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P.*, Del. Supr., 49 A.3d 1168, 1174 (2012). Here, Presidio has satisfied each of the elements of the claim.

First, as discussed above, the Semler and Davis Agreements are valid and enforceable. Second, RSI was and is aware of the terms of these agreements. (*See* Compl. ¶ 50.) Specifically, Presidio sent RSI a copy of the cease and desist letter it sent to Semler on March 11, 2020, that notified Semler of his obligations and enclosed a copy of the Semler Agreement. (*Id.* ¶ 38.) Third, despite RSI's knowledge of the Semler Agreement (and Semler's obligations under it), RSI intentionally interfered with Presidio's contractual relationship with Semler by deploying him to solicit business from certain of Presidio's ███████████ accounts to solicit their business on RSI's behalf (and to Presidio's detriment). (*See id.* ¶¶ 34, 41-44, 52-53.) Fourth, RSI cannot show that its actions were justified or provide any information that it believes would justify the unlawful solicitation of Presidio's customers and employees. Lastly, it is already clear that RSI's wrongful conduct has exposed Presidio to harm as a result of a lost employee, Ellis, and if they are not enjoined from their misconduct and Presidio's customers move their business

to RSI, Presidio will incur damages from the lost revenue for those customer accounts. (*See id.* ¶¶ 47-49.)  Accordingly, given that Presidio has shown a reasonable likelihood of satisfying all five elements of this claim, injunctive relief is proper pending final resolution of this action.

### B. Presidio Will Suffer Irreparable Harm If a Preliminary Injunction Is Not Entered

Pursuant to the Semler and Davis Agreements, Semler and Davis "agree[d] that irreparable harm would occur" and "money damages are an inadequate remedy" in the event of a breach of the Agreements and that Presidio is entitled to an "an injunction or injunctions to restrain, enjoin and prevent breaches of" the Agreements. (Compl. Ex. A § 7(f); Ex. B § 6(f).)  Under Delaware law, "contractual stipulation of irreparable harm may suffice to demonstrate irreparable harm," and such a stipulation alone suffices to "establish that element for the purpose of issuing preliminary injunctive relief." *AM Gen. Holdings LLC v. Renco Grp., Inc.*, 2012 WL 6681994, at *4 (Del. Ch. Dec. 21, 2012) (internal quotations and citations omitted); *Newell Rubbermaid Inc. v. Storm*, 2014 WL 1266827, at *11 (Del. Ch. March 27, 2014) (finding that contractual stipulations of irreparable harm "have been held to be sufficient to establish that element in order to issue preliminary injunctive relief.")  Therefore, Semler and Davis's acknowledgements in their agreements that Presidio would suffer irreparable harm are sufficient to satisfy the element of the standard for a preliminary injunction.

19

However, even in the absence of such a stipulation, Defendants have caused, and without injunctive relief will continue to cause, irreparable harm to Presidio.  In *Tristate Courier & Carriage, Inc. v. Berryman,* 2004 WL 835886, at *13 (Del. Ch. Apr. 15, 2004), this Court found that violation of a covenant not to solicit customers would result in irreparable harm in the form of "loss (or foreseeable loss) of client goodwill, and the suffering of the use of client [relationships] against it."  Here, there is evidence that Defendants have already solicited the ███████████████████ ███████████████ accounts with the intent of replacing Presidio's contracts with those customers.  (Baga Decl. ¶¶ 19-24.)  If injunctive relief is not granted, Defendants will only continue to solicit Presidio's customers and suppliers and their successful efforts would cause Presidio to lose customer and suppliers, equating to loss of profits and customer patronage, which are damages that are difficult to quantify.  *Tristate Courier & Carriage, Inc.*, 2004 WL 835886, at *13.  The harm incurred by Presidio will continue without judicial protection, thereby jeopardizing Presidio's continued relationships and irreparably damaging the value of Presidio.

## C.    The Balance of the Equities Favors Presidio

Defendants, on the other hand, will suffer no harm from an order that merely requires Semler and Davis to adhere to their contractual obligations to Presidio. Defendants have no legitimate reasonable expectation that they may solicit Presidio's customers with whom Semler and Davis had contact and about whom

they learned confidential information while working for Presidio.  Further, Semler and Defendants will be able to continue to pursue their livelihoods so long as they does not engage in conduct that violates the clear provisions in the Agreements. Semler and Davis are free to solicit any other customers for RSI, just not those who they contacted or learned confidential information about during his employment at Presidio.

Accordingly, the balance of equities favors a grant of the requested preliminary injunction.  *See TriState Courier & Carriage, Inc.,* 2004 WL 835886, at *13-14; *see also Presidio Inc. v. Leonard,* No. 2019-0298-JRS, at 30-36 (Del. Ch. May 1, 2019) (TRANSCRIPT) (Trans. ID 63295654).

## II.    THIS COURT SHOULD ORDER EXPEDITED PROCEEDINGS

This Court will grant expedited proceedings where the movant (1) demonstrates a "sufficiently colorable claim" and (2) shows a "sufficient possibility of a threatened irreparable injury" to justify the costs involved.  *Gomi Inv'rs, LLC v. Schimmell Holdings, Inc*., 2006 WL 2304035, at *1 (Del. Ch. July 27, 2006).  Indeed, "[i]f the Court 'can't say on the very face of the complaint … that an injunction *could not* be an appropriate remedy,' then a motion for expedited proceedings must be granted." *Travelers Casualty and Surety Co. v E.I. Du Pont De Nemours and Co.*, 2006 WL 4804689, at *1 (Del. Ch. Jan. 30, 2006) (*quoting Radio Caracas Television*

21

*v. Univisa, Inc.*, Del. Ch., C.A. No. 14056, Balick, V.C. (March 2, 1995) (Bench Ruling) (emphasis added).

A claim is colorable where the movant has asserted facts that, if true, suffice to establish all elements of the claim at issue. *See Raymond Revocable Tr. v. MAT Five LLC*, 2008 WL 2673341, at *3-4 (Del. Ch. June 26, 2008). In evaluating motions to expedite proceedings, this Court "has followed the practice of erring on the side of more [expedited] hearings rather than fewer." *Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994).

As discussed above, Presidio has met the higher burden of proof of demonstrating that it is likely to succeed on the merits of each of its claims, and has therefore met the lower "colorable" pleading standard which entitles it to an order for expedited proceedings on its motion for a preliminary injunction.

22

## <u>CONCLUSION</u>

For the foregoing reasons, as well as those presented in the Verified Complaint, Presidio respectfully requests that this Court grant its Motion to Expedite Proceedings and its Motion for a Preliminary Injunction in the form attached to the Motions.

June 30, 2020                                SMITH, KATZENSTEIN & JENKINS LLP

                                            */s/ Kelly A. Green*
OF COUNSEL:                                 Laurence V. Cronin (No. 2385)
SHEPPARD, MULLIN,                           Kelly A. Green (No. 4095)
RICHTER & HAMPTON LLP                       1000 West Street, Suite 1501
Robert S. Friedman                          P.O. Box 410
Danielle Vrabie                             Wilmington, DE 19899 (courier 19801)
Kelly J. McCullough                         (302) 652-8400
30 Rockefeller Plaza                        LVC@skjlaw.com
New York, New York 10112                    KAG@skjlaw.com
(212) 635-8700

                                            *Attorneys for Presidio, Inc., Presidio Holdings*
                                            *Inc. and Presidio Networked Solutions LLC*

                                            WORDS: 4,983

23

**IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE**

PRESIDIO, INC., PRESIDIO )
HOLDINGS INC., and PRESIDIO )
NETWORKED SOLUTIONS LLC, )
                                 )     C.A. No. 2020-0536-MTZ
            Plaintiffs, )
      v. )
                                   )
GREGORY SEMLER, CANDACE )
DAVIS, and RIGHT! SYSTEMS, )
INC., )
                                   )
           Defendants. )
                                   )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2020, a copy of the

**(PUBLIC VERSION) Verified Complaint and (PUBLIC VERSION) Opening**

**Brief in Support of Their Motion for Preliminary Injunction and Motion for**

**Expedited Proceedings** were served on the following in the manner indicated:

### <u>By Electronic Mail</u>

Steve Kelley
Aspirus Law Group, PLLC
4545 NE 41st Street
Seattle, WA 98105
Email: steve@aspiruslaw.com

July 7, 2020                                    SMITH, KATZENSTEIN & JENKINS LLP

                                               */s/ Kelly A. Green*
                                               Laurence V. Cronin (No. 2385)
                                               Kelly A. Green (No. 4095)
                                               1000 West Street, Suite 1501
                                               P.O. Box 410
                                               Wilmington, DE 19899 (courier 19801)
                                               (302) 652-8400
                                               LVC@skjlaw.com
                                               KAG@skjlaw.com

                                               *Attorneys for Presidio, Inc., Presidio*
                                               *Holdings Inc. and Presidio Networked*
                                               *Solutions LLC*





## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> )    C.A. No. 2020-0536-MTZ <br> ) <br> )    SUMMONS <br> )    Pursuant to 10 <u>Del.C.</u> Sec. 3104 <br> ) <br> ) <br> ) <br> ) |

**THE STATE OF DELAWARE**

**TO:     SPECIAL PROCESS SERVER – ProLegal Process Servers:**

**YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon <u>Kelly A. Green</u>, Esquire, Plaintiff's counsel, whose address is <u>Smith Katzenstein & Jenkins LLP, Brandywine Building, 1000 West Street, Suite 1501, P.O. Box 410, Wilmington, Delaware 19899-0410,</u> an answer to the verified complaint.

To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

*Susan Tudge*

Dated:       July 7, 2020

                                           _____
                                           Register in Chancery

**C.A. # 2020-0536-MTZ**

PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC,

Plaintiffs,

v.

GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, INC.,

Defendants.

**SUMMONS**

Please effectuate service upon:

1.   **Right! Systems, Inc.**

By serving its registered agent at the following address:

Right! Systems, Inc.
c/o John P. Minor
2600 Willamette Drive, NE
Suite C
Lacey, WA 98516

Pursuant to 10 <u>Del.C.</u> Sec. 3104

SERVICE TO BE COMPLETED BY SPECIAL PROCESS SERVERS –
**ProLegal Process Servers**
400 Union Avenue SE, Suite 200
Olympia, WA 98501

<u>Kelly A. Green, Esquire</u>
Plaintiff's Counsel





## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and<br>PRESIDIO NETWORKED SOLUTIONS LLC, | )<br>)<br>) |
| Plaintiffs, | ) CA # 2020-0536-MTZ<br>)<br>) SUMMONS |
| v. | )<br>) Pursuant to 10 <u>Del.C.</u> Sec. 3104 |
| GREGORY SEMLER, CANDACE DAVIS, and RIGHT!<br>SYSTEMS, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

**THE STATE OF DELAWARE**

**TO:   SMITH KATZENSTEIN & JENKINS LLP:**

**YOU ARE COMMANDED**:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon <u>Kelly A. Green</u>, Esquire, Plaintiff's counsel, whose address is <u>Smith Katzenstein & Jenkins LLP, Brandywine Building, 1000 West Street, Suite 1501, P.O. Box 410, Wilmington, Delaware 19899-0410,</u> an answer to the verified complaint.

To serve upon defendants a copy hereof and of the complaint.

TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated:        July 7, 2020

*Susan Judge*

Register in Chancery

Case # 2020-0536-MTZ

PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC,

Plaintiffs,

v.

GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, INC.,

Defendants.

**SUMMONS**

Please effectuate service upon:

1       **Gregory Semler**
        2460 South 31st Court
        Ridgefield, WA 98642


Pursuant to 10 Del.C. Sec. 3104, 6 Del.C. Sec. 2708, and
Sections 7(c) and 7(e)(iii) of the Non-Competition, Non-Solicitation and No-Hire Agreement


SERVICE TO BE COMPLETED BY SMITH KATZENSTEIN & JENKINS LLP -
Via Federal Express


Kelly A. Green, Esquire
Plaintiff's Attorney

COPY



## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, INC., )<br><br>Defendants. ) | CA # 2020-0536-MTZ<br><br>SUMMONS<br><br>Pursuant to 10 Del.C. Sec. 3104 |

**THE STATE OF DELAWARE**

**TO:   SMITH KATZENSTEIN & JENKINS LLP:**

**YOU ARE COMMANDED**:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Kelly A. Green, Esquire, Plaintiff's counsel, whose address is Smith Katzenstein & Jenkins LLP, Brandywine Building, 1000 West Street, Suite 1501, P.O. Box 410, Wilmington, Delaware 19899-0410, an answer to the verified complaint.

To serve upon defendants a copy hereof and of the complaint.

TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

*Susan Judge*

Dated:       July 7, 2020

_____
Register in Chancery

Case # 2020-0536-MTZ

PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC,

Plaintiffs,

v.

GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, INC.,

Defendants.

**SUMMONS**

Please effectuate service upon:

1    **Candace Davis**
     290 E. Strong Road
     Shelton, WA 98584


Pursuant to 10 Del.C. Sec. 3104, 6 Del.C. Sec. 2708, and
Sections 6(c) and 6(e)(iii) of the Confidentiality, Invention Assignment, Non-Solicitation and No-Hire
Agreement


SERVICE TO BE COMPLETED BY SMITH KATZENSTEIN & JENKINS LLP -
Via Federal Express


Kelly A. Green, Esquire
Plaintiff's Attorney



June 30, 2020

***By electronic filing***

Register in Chancery
New Castle County Courthouse
500 North King Street
Wilmington, Delaware 19801

**RE:   *Presidio, Inc., et al. v. Gregory Semler, Candace Davis, and
Right! Systems, Inc.*
C.A. No. 2020-_____**

Dear Sir or Madam:

In accordance with Rules 5.1(e)(1)(ii) and 5.1(c), I certify that I confidentially

filed Plaintiffs' Verified Complaint and supporting documents in compliance with

Rule 5.1.

Sincerely,

 /s/  *Kelly A. Green*

Kelly A. Green (No. 4095)

Words: 24

**EFiled:  Jun 30 2020 11:20PM EDT**
**Transaction ID 65737592**
**Case No. 2020-0536-**

**IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, | ) ) ) ) | |
| Plaintiffs, | ) | C.A. No. |
| v. | ) ) | |
| GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS INC., | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR EXPEDITED PROCEEDINGS

Plaintiffs Presidio, Inc., Presidio Holdings Inc. and Presidio Networked Solutions LLC (collectively "Presidio" or "Plaintiffs"), by and through its undersigned attorneys and pursuant to Court of Chancery Rules 65 and 173(b), respectfully move this Court for the entry of an order expediting proceedings in the form attached.  The grounds for this motion are set forth in Plaintiffs' Opening Brief in Support of Their Motions for Preliminary Injunction and Expedited Proceedings, filed contemporaneously herewith.

1

June 30, 2020                      SMITH, KATZENSTEIN & JENKINS LLP

                                  */s/ Kelly A. Green*
                                  _____
OF COUNSEL:                       Laurence V. Cronin (No. 2385)
SHEPPARD, MULLIN,                 Kelly A. Green (No. 4095)
RICHTER & HAMPTON LLP             1000 West Street, Suite 1501
Robert S. Friedman               P.O. Box 410
Danielle Vrabie                   Wilmington, DE 19899 (courier 19801)
Kelly J. McCullough               (302) 652-8400
30 Rockefeller Plaza              LVC@skjlaw.com
New York, New York 10112          KAG@skjlaw.com
(212) 635-8700

                                  *Attorneys for Presidio, Inc., Presidio Holdings*
                                  *Inc. and Presidio Networked Solutions LLC*

                                  WORDS: 73

EFiled:  Jun 30 2020 11:20PM EDT
Transaction ID 65737592
Case No. 2020-0536-

## IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

PRESIDIO, INC., PRESIDIO
HOLDINGS INC., and PRESIDIO
NETWORKED SOLUTIONS LLC,

        Plaintiffs,

    v.

GREGORY SEMLER, CANDACE
DAVIS, and RIGHT! SYSTEMS INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR <u>EXPEDITED PROCEEDINGS</u>

Upon consideration of Plaintiffs' Motion for Expedited Proceedings and Plaintiffs' Motion for Preliminary Injunction, and for good cause shown,

IT IS HEREBY ORDERED this ___ day of _____, 2020, as follows:

1.     Plaintiffs' Motion for Expedited Proceedings is granted.

2.     A hearing on Plaintiffs' Motion for a Preliminary Injunction is scheduled for _____, 2020 at ___:___ __.m. in Wilmington, Delaware.

3.     Plaintiffs are entitled to conduct expedited discovery prior to the time period prescribed in the Court of Chancery Rules.

                              _____

**EFiled:  Jun 30 2020 11:20PM EDT**
**Transaction ID 65737592**
**Case No. 2020-0536-**

**IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE**

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | )  C.A. No. |
| v. | )<br>) |
| GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS INC., | )<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Presidio, Inc., Presidio Holdings Inc. and Presidio Networked Solutions LLC (collectively "Presidio" or "Plaintiffs"), pursuant to Rule 65(a) of the Rules of the Court of Chancery of the State of Delaware, by and through their undersigned counsel, move this Court for entry of a preliminary injunction.  In support of this Motion, Presidio relies on its Verified Complaint with exhibits and declarations ("Verified Complaint") and Plaintiffs' Opening Brief in Support of Their Motions for Preliminary Injunction and Expedited Proceedings ("Brief").  For the reasons set forth in Presidio's Verified Complaint and Brief, Presidio has demonstrated that the preliminary injunction standards are met and therefore this Motion should be granted.

June 30, 2020

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kelly A. Green*

OF COUNSEL:
SHEPPARD, MULLIN,
RICHTER & HAMPTON LLP
Robert S. Friedman
Danielle Vrabie
Kelly J. McCullough
30 Rockefeller Plaza
New York, New York 10112
(212) 635-8700

Laurence V. Cronin (No. 2385)
Kelly A. Green (No. 4095)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 (courier 19801)
(302) 652-8400
LVC@skjlaw.com
KAG@skjlaw.com

*Attorneys for Presidio, Inc., Presidio Holdings*
*Inc. and Presidio Networked Solutions LLC*

WORDS: 108

EFiled:  Jun 30 2020 11:20PM EDT
Transaction ID 65737592
Case No. 2020-0536-

**IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. |
| v. | ) ) | |
| GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS INC., | ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION

WHEREAS, Plaintiffs have filed a Verified Complaint seeking injunctive relief, a Motion for Expedited Proceedings and a Motion for Preliminary Injunction in the above-captioned action; and

WHEREAS, the Court has considered the moving and opposing papers concerning Plaintiffs' Verified Complaint, Motion for Expedited Proceedings and Motion for Preliminary Injunction, supporting materials, and the arguments and evidence submitted by the parties;

IT IS HEREBY ORDERED this _____ day of _____, 2020 that Plaintiffs' Motion is GRANTED as follows:

1. Defendants shall cease and desist from directly or indirectly soliciting Plaintiffs' customers, suppliers, contracting parties, strategic partners and employees, or using or accessing Plaintiffs' confidential information.

2.      Defendant Gregory Semler is enjoined from continuing employment at Defendant Right! Systems Inc. and Defendant Right! Systems Inc., is enjoined from continuing to employ Defendant Gregory Semler.

3.      Defendants shall not act in concert with anyone to violate the terms of this Order.

4.      This Order shall remain in effect until further notice from the Court.

_____

# Smith Katzenstein Jenkins LLP

July 2, 2020

**By Federal Express**

Gregory Semler                                     Candace Davis
2460 South 31st Court                          290 E Strong Road
Ridgefield, WA 98642                          Shelton, WA 98584

**By Process Server**
Right! Systems, Inc.
C/O John P. Minor
2600 Willamette Drive, NE
Suite C
Lacey, WA 98516

**RE:   *Presidio, Inc. v. Gregory Semler, Candace Davis, and Right! Systems, Inc.*
        *C.A. No. 2020-0536-MTZ***

To Whom It May Concern:

On June 30, 2020, we filed Plaintiffs' Verified Complaint and Plaintiffs' Opening Brief in Support of Their Motion for Preliminary Injunction and Expedited Proceedings as Confidential Filings.  Pursuant to Court of Chancery Rule 5.1, enclosed are the proposed public versions of the Confidential Filings.  These versions will be filed with the Court in compliance with Rule 5.1 if you do not designate any Confidential Information in response to this notice by 3:00 p.m. on July 6, 2020.

Enclosed is a copy of Court of Chancery Rule 5.1 for your reference.

Sincerely,

 /s/  *Kelly A. Green*

Kelly A. Green (No. 4095)

Enclosure

SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(A)
OF THE RULES OF THE COURT OF CHANCERY

EFiled: Jun 30 2020 11:20PM EDT
Transaction ID 65737592
Case No. 2020-0536-

The information contained herein is for the use by the Court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or binding upon any party.

1. Caption of Case:   Presidio, Inc., Presidio Holdings Inc. and Presidio Networked Solutions LLC, Plaintiffs v. Gregory Semler, Candace Davis, and Right! Systems, Inc., Defendants

2. Date Filed:        June 30, 2020

3. Name and address of counsel for plaintiff(s):        Laurence V. Cronin (No. 2385)
                                                        Kelly A. Green (No. 4095)
                                                        Smith Katzenstein & Jenkins, LLP
                                                        1000 North West Street, Suite 1501
                                                        Wilmington, Delaware 19801
                                                        (302) 652-8400
                                                        LVC@skjlaw.com
                                                        KAG@skjlaw.com

4. Short statement and nature of claim asserted:        Injunctive relief and breach of contract.

5. Substantive field of law involved (check one):

____Administrative law          _X_ Labor law                    ____Trusts, Wills and Estates
____Commercial law              ____Real Property                ____Consent trust petitions
____Constitutional law          ____348 Deed Restriction         ____Partition
____Corporation law             ____Zoning                       ____Rapid Arbitration (Rules 96,97)

____Trade secrets/trade-mark/or other intellectual property                _____Other

6. Related cases, including any Register of Wills matters (this requires copies of all documents in this matter to be filed with the Register of Wills):        None.

7. Basis of court's jurisdiction (including the citation of any statute(s) conferring jurisdiction):

        10 *Del. C.* § 341 and contractual.

8. If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought.
        Preliminary Injunction

9. If the complaint seeks a TRO, summary proceedings, a Preliminary Injunction, or Expedited Proceedings, check here__X___.  (If #9 is checked, a Motion to Expedite must accompany the transaction.)

10. If the complaint is one that in the opinion of counsel should not be assigned to a Master in the first instance, check here and attach a statement of good cause. _____

        /s/  *Kelly A. Green (No. 4095)*
        Signature of Attorney of Record & Bar ID

EFiled:  Jun 30 2020 11:20PM EDT
Transaction ID 65737592
Case No. 2020-0536-

# SMITH KATZENSTEIN JENKINS LLP

June 30, 2020

***By electronic filing***

Ms. Sheila Boyer
Register in Chancery
New Castle County Courthouse
500 North King Street
Wilmington, Delaware 19801

**RE:   *Presidio, Inc., et al. v. Gregory Semler, Candace Davis, and Right! Systems, Inc.*
C.A. No. 2020-_____**

Dear Ms. Boyer:

Please prepare a summons for service, pursuant to 6 *Del. C.* § 2708 and Sections 7(c) and 7(e)(iii) of the Non-Competition, Non-Solicitation and No-Hire Agreement, on the following defendant:

Gregory Semler
2460 South 31st Court
Ridgefield, WA  98642

Defendant will be served by Federal Express.

Please prepare a summons for service, pursuant to 6 *Del. C.* § 2708 and Sections 6(c) and 6(e)(iii) of the Confidentiality, Invention Assignment, Non-Solicitation and No-Hire Agreement, on the following defendant:

Candace Davis
290 E Strong Road
Shelton, WA 98584

Ms. Sheila Boyer
June 30, 2020
Page 2 of 2

Defendant will be served by Federal Express.

Please prepare a summons for service, pursuant to 10 *Del. C.* § 3104, on

defendant, Right! Systems, Inc., by serving its registered agent at the following

address:

Right! Systems, Inc.
C/O John P. Minor
2600 Willamette Drive, NE
Suite C
Lacey, WA  98516

Defendant Right! Systems, Inc. will be served by ProLegal Process Servers,

400 Union Avenue SE, Suite 200, Olympia, WA  98501

Please contact me if you have any questions.

Sincerely,

/s/  *Kelly A. Green*

Kelly A. Green (No. 4095)

163 words

EFiled:  Jul 17 2020 09:26AM EDT
Transaction ID 65776484
Case No. 2020-0536-MTZ

**IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE**

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., and PRESIDIO NETWORKED SOLUTIONS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY SEMLER, CANDACE DAVIS, and RIGHT! SYSTEMS, Inc. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 2020-0536-VCZ |

## ENTRY OF APPEARANCE OF RICHARD M. BECK AND CRAIG E. RUSHMORE AS COUNSEL FOR DEFENDANTS GREGORY SEMLER, CANDACE DAVIS, AND RIGHT! SYSTEMS, INC.

Please enter the appearance of Richard M. Beck and Craig E. Rushmore, of Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, as counsel for Defendants Gregory Semler, Candace Davis, and Right! Systems, Inc. in the above-captioned action.

Dated: July 16, 2020

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

*/s/ Craig E. Rushmore*
Richard M. Beck (DE Bar No. 3373)
Craig E. Rushmore (DE Bar No. 6627)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5501
Facsimile: (302) 426-9193
E-mail:     rbeck@klehr.com
            crushmore@klehr.com

*Attorneys for Defendants Gregory Semler, Candace Davis, and Right! Systems, Inc.*

EFiled:  Jul 17 2020 09:26AM EDT
Transaction ID 65776484
Case No. 2020-0536-MTZ

## **CERTIFICATE OF SERVICE**

I, Craig E. Rushmore, hereby certify that on July 17, 2020, the **Entry of Appearance of Richard M. Beck and Craig E. Rushmore As Counsel For Defendants Gregory Semler, Candace Davis, and Right! Systems, Inc.** was served on the counsel listed below by File & Serve*Xpress*.

> SMITH, KATZENSTEIN & JENKINS LLP
> Laurence V. Cronin (No. 2385)
> Kelly A. Green (No. 4095)
> 1000 West Street, Suite 1501
> Wilmington, DE 19899 (courier 19801)
> Telephone: 302-652-8400
> Email: LVC@skjlaw.com
>         KAG@skjlaw.com

> */s/ Craig E. Rushmore*
> Craig E. Rushmore (No. 6627)

**EFiled:  Jul 17 2020 10:13AM EDT**
**Transaction ID 65776429**
**Case No. 2020-0536-MTZ**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., AND PRESIDIO NETWORKED SOLUTIONS LLC, | ) ) ) ) ) |
| Plaintiffs, | ) ) C.A. No.  2020-0536-MTZ |
| vs. | ) ) ) |
| GREGORY SEMLER, CANDACE DAVIS, AND RIGHT! SYSTEMS, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME FOR DEFENDANTS' RESPONSE TO MOTION TO EXPEDITE PROCEEDINGS AND PLAINTIFFS' REPLY

Plaintiffs Presidio, Inc., Presidio Holdings, Inc., and Presidio Networked Solutions LLC and Defendants Gregory Semler, Candace Davis, and Right! Systems, Inc., subject to the Court's approval, hereby agree to extend, the opposition and reply schedule for the Motion to Expedite Proceedings.  The parties agree to extend Defendants' Response to the Motion to Expedite Proceedings until 12:00 p.m. on Monday July 20, 2020 and Plaintiffs' reply deadline until 12:00 p.m. Wednesday July 22, 2020.  The purpose of the requested extension is to provide defendants' counsel additional time to review the pleadings and facts to respond to the motion to expedite.

Dated:  July 17, 2020                         Respectfully submitted,

SMITH, KATZENSTEIN                            KLEHR HARRISON
& JENKINS LP                                  HARVEY BRANZBURG LLP

*/s/ Kelly A. Green*                          */s/   Richard M. Beck*
Laurence V. Cronin (No. 2385)                 Richard M. Beck (No. 3373)
Kelly A. Green (No. 4095)                     Craig E. Rushmore (No. 6627)
1000 West Street, Suite 1501                  919 N. Market Street, Suite 1000
P.O. Box 410                                  Wilmington, Delaware 19801
Wilmington, Delaware 19899                    Telephone: (302) 552-5501
Telephone: (302) 652-8400                     rbeck@klehr.com
LVC@skjlaw.com                                crushmore@klehr.com
KAG@skjlaw.com

*Attorneys for Plaintiffs*                    *Attorneys for Defendants*


SO ORDERED THIS _____ day of July, 2020.


                                              _____
                                              Vice Chancelor Morgan T. Zurn

**EFiled:  Jul 17 2020 10:13AM EDT**
**Transaction ID 65776429**
**Case No. 2020-0536-MTZ**

## CERTIFICATE OF SERVICE

I, Craig E. Rushmore, hereby certify that on July 17, 2020, the **Stipulation and [Proposed] Order for Extension of Time for Defendants' Response to Motion to Expedite Proceedings and Plaintiffs' Reply** was served on the counsel listed below by File & Serve*Xpress*.

SMITH, KATZENSTEIN & JENKINS LLP
Laurence V. Cronin (No. 2385)
Kelly A. Green (No. 4095)
1000 West Street, Suite 1501
Wilmington, DE 19899 (courier 19801)
Telephone: 302-652-8400
Email: LVC@skjlaw.com
         KAG@skjlaw.com


*/s/ Craig E. Rushmore*
Craig E. Rushmore (No. 6627)

**GRANTED**

EFiled: Jul 17 2020 01:49PM EDT
Transaction ID 65777998
Case No. 2020-0536-MTZ

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PRESIDIO, INC., PRESIDIO HOLDINGS INC., AND PRESIDIO NETWORKED SOLUTIONS LLC,<br><br>            Plaintiffs,<br><br>vs.<br><br>GREGORY SEMLER, CANDACE DAVIS, AND RIGHT! SYSTEMS, INC.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No.  2020-0536-MTZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME FOR DEFENDANTS' RESPONSE TO MOTION TO EXPEDITE PROCEEDINGS AND PLAINTIFFS' REPLY

Plaintiffs Presidio, Inc., Presidio Holdings, Inc., and Presidio Networked Solutions LLC and Defendants Gregory Semler, Candace Davis, and Right! Systems, Inc., subject to the Court's approval, hereby agree to extend, the opposition and reply schedule for the Motion to Expedite Proceedings.  The parties agree to extend Defendants' Response to the Motion to Expedite Proceedings until 12:00 p.m. on Monday July 20, 2020 and Plaintiffs' reply deadline until 12:00 p.m. Wednesday July 22, 2020.  The purpose of the requested extension is to provide defendants' counsel additional time to review the pleadings and facts to respond to the motion to expedite.

PHIL1 9025714v.1

Dated:  July 17, 2020

Respectfully submitted,

SMITH, KATZENSTEIN
& JENKINS LP

KLEHR HARRISON
HARVEY BRANZBURG LLP

*/s/ Kelly A. Green*
Laurence V. Cronin (No. 2385)
Kelly A. Green (No. 4095)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, Delaware 19899
Telephone: (302) 652-8400
LVC@skjlaw.com
KAG@skjlaw.com

*/s/   Richard M. Beck*
Richard M. Beck (No. 3373)
Craig E. Rushmore (No. 6627)
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5501
rbeck@klehr.com
crushmore@klehr.com

*Attorneys for Plaintiffs*

*Attorneys for Defendants*

SO ORDERED THIS _____ day of July, 2020.

_____
Vice Chancelor Morgan T. Zurn

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Morgan Zurn |
| **File & Serve Transaction ID:** | 65776429 |
| **Current Date:** | Jul 17, 2020 |
| **Case Number:** | 2020-0536-MTZ |
| **Case Name:** | Presidio, Inc. v Gregory Semler |
| **Court Authorizer:** | Morgan Zurn |

**/s/ Judge Morgan Zurn**